**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| EAPEN KALLARAKAL | : | CIVIL ACTION NO. 23-1883 |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | PLAINTIFF REQUESTS |
| INGERSOLL RAND; | : | TRIAL BY JURY |
| INGERSOLL-RAND COMPANY; | : | |
| JAMES WARD, (individually); | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Eapen Kallarakal by and through his attorneys, Derek Smith Law Group, PLLC, hereby files the following civil action complaint against Defendants, Ingersoll Rand, Ingersoll-Rand Company, James Ward, (collectively "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the Age Discrimination in Employment Act ("ADEA") the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRC"), Section 626 of the ADEA.

## PARTIES

1.    Plaintiff, Eapen Kallarakal ("Mr. Kallarakal" or "Plaintiff") is an adult individual who resides in the Commonwealth of Pennsylvania.

2.    Plaintiff, Kallarakal is a sixty-seven-year-old male who was employed by Defendants from January 9, 2017, until January 11, 2022.

3.    At the time of his unlawful termination due to age, Mr. Kallarakal was sixty-seven (67) years old.

4.    Defendant, Ingersoll-Rand ("IR" or "Defendant") is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 201 Ivyland Road, Ivyland, PA 18974.

5.    Defendant, Ingersoll-Rand Company d/b/a Ingersoll Randstad ("IR" or "Defendant") is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 201 Ivyland Road, Ivyland, PA 18974.

6.    Defendant, James Ward (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 201 Ivyland Road, Ivyland, PA 18974.

7.    At all times material to this Charge Defendant, James Ward held supervisory authority over Plaintiff.  Defendant, James Ward was employed by Defendants as the Supervisor of the Quality Control Department and had the authority to take a tangible employment action against Plaintiff during his employment for Defendants.

8.    At all times material to this Charge, Plaintiff, Eapen Kallarakal was qualified for the position of Quality Inspector.

9.    At all times Defendants were Plaintiff's joint and sole employers.

## **JURISDICTION AND VENUE**

10.    This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964, and the ADEA.

11.    This Court also has supplemental jurisdiction over the Commonwealth Law Causes of Action.

12. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in Bucks County in the Commonwealth of Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

13. Plaintiff, Eapen Kallarakal filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

14. Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. Plaintiff's rights under the Pennsylvania Human Relations Act will be ripe for suit once it has been more than one (1) year since Plaintiff's Charge was filed and dual filed.

16. Plaintiff files this lawsuit within ninety (90) days of the date when Plaintiff received the Dismissal and Notice of Rights from the EEOC.

## **MATERIAL FACTS**

17. Plaintiff, Eapen Kallarakal was employed by Defendant, Ingersoll Randstad, from January 9, 2017, until January 11, 2022, when Plaintiff was unlawfully terminated from his employment due to age and national origin.

18. Plaintiff, Eapen Kallarakal began his employment for Defendants approximately five (5) years ago as a Senior Quality Inspector.

19. The record of Plaintiff's employment for Defendants includes performance evaluations which documented Plaintiff's excellent job performance over the five (5) years of his employment.

20. Plaintiff was terminated January 11, 2022, due to Plaintiff's age and national origin.

21. In or around January 2021, Defendant James Ward, became the supervisor of the Quality Engineering Department.

22. Almost immediately upon working with Defendant, James Ward, Plaintiff began to note discriminatory, age-based comments directed at Plaintiff from Defendant, James Ward.

23. Defendant, James Ward took over as supervisor, and gained access to Plaintiff Eapen Kallarakal's personnel file.

24. Prior to becoming supervisor, only Defendant's Human Resources department had access to Plaintiff's personnel file.

25. Thereafter, Defendant James Ward made comments that made it clear that he had access to Plaintiff, Eapen Kallarakal's personnel file.

26. Defendant, James Ward was inappropriate with Plaintiff and comments about Plaintiff's age, and how much money Mr. Kallarakal made.

27. Defendant, James Ward said to Plaintiff, Eapen Kallarakal, "you should be able to retire."

28. Defendant, James Ward said, "you can collect social security…you are old enough to get social security."

29. Defendant, James Ward said to Plaintiff, "guys your age retire, why are you still working."

30. Defendant James Ward informed Plaintiff that he did not believe that Plaintiff should be working because Plaintiff was too old.

31. Defendant James Ward stated that Plaintiff should retire.

32. Plaintiff worked with Defendant, James Ward from March 2020 until January 11, 2022, when Defendant, James Ward terminated Plaintiff's employment due to Plaintiff's age.

33. Defendants refused to even provide Plaintiff with a legitimate non-discriminatory reason for Plaintiff's termination.

34. Plaintiff asked Defendants to provide a legitimate reason for Plaintiff's termination.

35. Defendants notified Plaintiff that Defendants did not need a reason to terminate Plaintiff's employment.

36. Defendants terminated Plaintiff employment and replaced Plaintiff with a male in his twenties.

37. The individual who Defendants assigned to replace Plaintiff was Andre White, who was assigned to replace Plaintiff in December 2021.

38. Andre White is a male in his twenties.

39. The individual who hired Andre White to replace Plaintiff was Defendant, James Ward.

40. On December 6, 2021, Defendant, James Ward gave Plaintiff, Eapen Kallarakal a write up for alleged insubordination. These allegations were false, and evidence of Defendant, James Ward's efforts to discredit Plaintiff's work performance.

41. On January 11, 2022, Defendants terminated Plaintiff's employment due to his age.

42. Plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive.

43. Plaintiff was not provided with a legitimate non-discriminatory reason for his termination.

44. Plaintiff was employed by Defendants for five (5) years and Plaintiff had every reason to believe that Plaintiff would continue his employment for Defendants until Plaintiff's retirement.

45. Plaintiff intended to continue his employment for Defendants until Plaintiff was at least seventy-five (75) years old.

46. But for Defendants discriminatory, unlawful conduct, Plaintiff would have continued his employment for Defendants for another eight (8) years, at least.

47. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

48. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which Plaintiff's employment entailed.

50. Plaintiff also suffers future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

51. Plaintiff has further experienced severe emotional and physical distress.

52. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

53. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

54. Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

55. Defendants subjected Plaintiff to abusive discriminatory conduct and comment due to Plaintiff's national origin so that Plaintiff was subjected to a hostile work environment.

56. Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

57. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

58. Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

59. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

60. Plaintiff claims unlawful termination and requests reinstatement.

**COUNT I**
**DISCRIMINATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

61. Plaintiff, Eapen Kallarakal, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

62. Section 626 of the ADEA provided it shall be unlawful for an employer:

   a. to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

   b. to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

   c. to reduce the wage rate of any employee in order to comply with this chapter.

   d. It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

62. Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of his age.

63. Defendants' age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

64. Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

65. Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

66. Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

67. Plaintiff was subjected to continuous conduct and comments that were abusive and based upon Plaintiff's age so that Plaintiff was subjected to a sever and pervasive working environment.

68. Defendants subjected Eapen Kallarakal to disparate treatment by terminating Plaintiff's employment because of his age and unilaterally eliminating Plaintiff's privileges.

**COUNT II**
**RETALIATION UNDER THE AGE**
**DISCRIMINATION IN EMPLOYMENT ACT**
**(Against Corporate Defendants Only)**

69. Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

8

i.Section 623 (d) of the ADEA states the following: "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or application for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

70.   Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

71.   Plaintiff opposed and/or reported the continual discrimination and harassment in the workplace and Defendants' conduct continued and ratcheted up.

**72.**   Moreover, Plaintiff was subjected to disciplinary measures such as counseling and termination after Plaintiff opposed and/or reported the discrimination and harassment in the workplace.

**COUNT III**
**<u>DISCRIMINATION UNDER TITLE VII</u>**
**(against corporate Defendants only)**

73.   Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

74.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

75.   SEC. 2000e-2. *[Section 703]* states as follows:

9

(a) Employer practices:  It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

76. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because Plaintiff's national origin.

77. Defendants subjected Plaintiff to a hostile work environment.

78. Defendants subjected Plaintiff to disparate treatment and retaliation.

**COUNT IV**
**RETALIATION UNDER TITLE VII**
**(against corporate Defendants only)**

79. Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

80. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

81. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

10

82.    Defendants acted against Plaintiff due to Plaintiff's opposition to Defendants' discrimination and harassment of Plaintiff.

83.    Defendants also acted against Plaintiff due Plaintiff engaging in protected activity by reporting and opposing discrimination and harassment in the workplace.

84.    Defendants terminated Plaintiff's employment.

85.    Defendants' proffered reason for the termination is pretextual.

## COUNT V
## DISCRIMINATION UNDER STATE LAW
### (against corporate Defendants only)

86.    Plaintiff hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

87.    The PHRA § 955 provides that it shall be an unlawful discriminatory practice:  "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

88.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, religion, age, and disability. Defendants also engaged in unlawful discriminatory conduct by discriminating against Plaintiff due to Plaintiff's disability and request for reasonable accommodations.  Defendants refused to provide

11

Plaintiff with reasonable accommodations and did not engage Plaintiff in an interactive process to discuss Plaintiff's requests.

89. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

**COUNT VI**
**RETALIATION UNDER STATE LAW**
**(against all named Defendants)**

90. Plaintiff hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

91. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

92. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

93. Specifically, Defendants took action against Plaintiff due to Plaintiff's opposition to Defendants' discrimination and harassment of Plaintiff.  Defendants also took action against Plaintiff due to Plaintiff's requests for reasonable accommodation and reports of unlawful discriminatory conduct due to Plaintiff's disability.

## COUNT VII
## DISCRIMINATION UNDER STATE LAW – AIDING AND ABETTING
### (against individual Defendants only and not against corporate Defendants)

94.    Plaintiff hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

95.    PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

96.    Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.  Defendants aided and abetting the above discrimination based on Plaintiff's race, religion, age and due to Plaintiff's disability.


## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By:   _/s/ Seth D. Carson_____
Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED: May 17, 2023